JUDGE WOODS

UNITED STATES DISTRICT COURT **14 CV 3709**
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS SOTO, LIBARDO ANTONIO VINDELL ACUNA, FILIBERTO RUIZ, JOSE VALDIVIA, JOSE ENRIQUE MUNGUIA and DOMINGO PORTOCARRERO, | CIVIL ACTION |
| | Case No.: |
| Plaintiffs, | **COMPLAINT** |
| - against - | |
| POFI CONSTRUCTION, CORP. and PORFIRIO GARCIA, individually, | |
| Defendants. | |

Plaintiffs, by their attorneys, Virginia and Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.     This action is brought pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207; New York Labor Law ("NYLL") Article 19 §§ 633; NYLL Article 6 §§ 190, *et seq.*; and 12 New York Codes, Rules, and Regulations ("NYCRR") § 146-2.2 to recover unpaid overtime compensation, and damages arising from record-keeping violations owed to CARLOS SOTO, LIBARDO ANTONIO VINDELL ACUNA, FILIBERTO RUIZ, JOSE VALDIVIA, JOSE ENRIQUE MUNGUIA, and DOMINGO PORTOCARRERO (hereinafter "Plaintiffs"), who performed labor for POFI CONSTRUCTION, CORP. ("POFI") and PORFIRIO GARCIA, individually, together with other affiliates and joint venturers of these entities and individuals (hereinafter collectively referred to as "Defendants").

2.     Beginning in approximately May 2008 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring the Plaintiffs to regularly work in excess of forty (40) hours per week, without providing

overtime compensation as required by applicable federal and state law.

3.      Beginning in approximately May 2008, Defendants engaged in a policy and practice of failing to provide Plaintiffs with wage notices and wage statements in Plaintiffs' primary language, as required by applicable New York State law.

4.      Under the direction of Defendants' corporate officer and/or director Porfirio Garcia, a practice was instituted of depriving Plaintiffs of the basic compensation for work performed each week, namely their overtime compensation.

5.      Plaintiffs have initiated this action seeking for themselves their earned but unpaid compensation, including overtime compensation, of which they were deprived, and damages arising from failure to receive wage notices and statements, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

6.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §§ 207 and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. §1367 of the claims brought under the New York Law.

7.      The statute of limitations under the FLSA for willful violations is three (3) years. See 29 U.S.C. §255(a).

8.      The statute of limitations under the New York Labor Law is six (6) years. See New York Labor Law § 198(3).

## THE PARTIES

9.      Plaintiff Carlos Soto ("Soto") is an individual residing in the State of New York who performed labor and roofing work for Pofi.

10.     Plaintiff Libardo Antonio Vindell Acuna ("Acuna") is an individual residing in

the State of New York who performed labor and roofing work for Pofi.

11. Plaintiff Filiberto Ruiz ("Ruiz") is an individual residing in the State of New York who performed labor and roofing work for Pofi.

12. Plaintiff Jose Valdivia ("Valdivia") is an individual residing in the State of New York who performed labor and roofing work for Pofi.

13. Plaintiff Jose Enrique Munguia ("Munguia") is an individual residing in the State of New York who performed labor and roofing work for Pofi.

14. Plaintiff Domingo Portocarrero ("Porticarrero") is an individual residing in the State of New York who performed labor and roofing work for Pofi.

15. Upon information and belief, Defendant Pofi, is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1735 West Farms Road, Bronx, New York 10460 and is engaged in the construction business.

16. Upon information and belief, Defendant Porfirio Garcia is an individual residing at 214 East 237th Street, Bronx, New York 10470-2007 and at all relevant times was an officer, director, and/or owner of Pofi.

17. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## VENUE

18. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## FACTS

19.         Plaintiffs re-allege and reincorporate by reference all preceding paragraphs.

20.    Plaintiff Soto was employed by Defendants from approximately July 2011 until January 2013 to perform labor and roofing work related to Pofi's construction operations. Plaintiff Soto worked from approximately 8 a.m. through 4:30 p.m., six (6) to seven (7) days per week. He received sixteen (16) dollars per hour for all hours worked, including those worked over forty hours in a given week.

21.    Plaintiff Acuna was employed by Defendants from approximately July 2011 until approximately January 2013 to perform labor and roofing work related to Pofi's construction operations. Plaintiff Acuna worked from approximately 8:00 a.m. until approximately 4:30 p.m., six (6) to seven (7) days per week. He received thirteen (13) dollars per hour for all hours worked, including those worked over forty hours in a given week.

22.    Plaintiff Ruiz was employed by Defendants from approximately July 2010 until approximately November 2012 to perform labor and roofing work related to Pofi's construction operations. Plaintiff Ruiz worked from approximately 7:00 a.m. until approximately 8 p.m. or 9 p.m., seven (7) days per week. He received the same hourly wage for all hours worked, including those worked over forty hours in a given week.

23.    Plaintiff Valdivia was employed by Defendants from approximately June 2011 until approximately 2014 to perform labor and roofing work related to Pofi's construction operations. Plaintiff Valdivia worked from approximately 8:00 a.m. until approximately 4:30 p.m., six (6) to seven (7) days per week. He received between nineteen (19) and twenty (20) dollars per hour for all hours worked, including those worked over forty hours in a given week.

24.    Plaintiff Munguia was employed by Defendants from approximately June 2011

until approximately 2014 to perform labor and roofing work related to Pofi's construction operations. Plaintiff Munguia worked from approximately 8 a.m. until approximately 6 p.m. to 7 p.m., six (6) to seven (7) days per week. He was received twenty (20) dollars per hours for all hours worked, including those worked over forty hours in a given week.

25.     Plaintiff Portocarrera was employed by Defendants from approximately July 2011 until approximately January 2013 to perform labor and roofing work related to Pofi's construction operations. Plaintiff Portocarrera worked from approximately 8 a.m. until approximately 4:30 p.m., six (6) to seven (7) days per week. He received sixteen (16) dollars per hours for all hours worked, including those worked over forty hours in a given week.

26.     Upon information and belief, while working for Defendants, Plaintiffs did not receive any overtime wages, at the rate of one and one half times (1.5x) the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

27.     Upon information and belief, Porfirio Garcia is and at all relevant times was the president and/or owner of Pofi, and (i) had the power to hire and fire employees for Pofi; (ii) supervised and controlled employee work schedules or conditions of employment for Pofi; (iii) determined the rate and method of payment for Pofi's employees; and (iv) maintained employment records for Pofi.

28.     Upon information and belief, Defendant Porfirio Garcia was the principal and owner of Pofi, dominated the day-to-day operating decisions of Pofi, and made major personnel decisions for Pofi.

29.     Upon information and belief, Porfirio Garcia had complete control of the alleged activities of Pofi, which give rise to the claims brought herein.

30.     Upon information and belief, Defendants failed to properly document and record

the actual number of weekly hours Plaintiffs worked and their wages paid.

31.     Defendants failed to provide Plaintiffs with annual wage notices, including information such as the rate of pay and any allowances claimed as part of the minimum wage.

32.     Throughout Plaintiffs' employment, Defendants failed to provide Plaintiffs with an accurate wage statement with every payment of wages, containing information such as dates of work, rates of pay for regular and overtime hours, and number of regular hours and overtime hours worked.

**FIRST CAUSE OF ACTION**
**FLSA OVERTIME COMPENSATION**

33.     Plaintiffs re-allege and reincorporate by reference all preceding paragraphs.

34.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

35.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

36.     Plaintiffs are employees within the meaning contemplated in FLSA, 29 U.S.C. §203.

37.     Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Porfirio Garcia is defined as "employer" for the purpose of FLSA and, consequently, are liable for violations of FLSA.

38.     Upon information and belief, Defendants failed to pay the Plaintiffs overtime wages, at the rate of one and one-half times the regular rate of pay, for all the time in which they worked after the first forty hours in any given week.

39.     The failure of Defendants to pay the Plaintiffs their rightfully owed overtime compensation was willful.

40.     By the foregoing reasons, Defendants are liable to the Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
## NEW YORK OVERTIME COMPENSATION LAW

41.     The Plaintiffs re-allege and reincorporate by reference all preceding paragraphs.

42.     12 NYCRR §146-2.2 requires that "[A]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of forty (40) hours in one workweek.

43.     New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

44.     Upon information and belief, Plaintiffs worked more than forty (40) hours a week while working for Defendants.

45.     Upon information and belief, Plaintiffs did not receive overtime compensation for all hours worked after the first forty (40) hours in a week.

46.     Consequently, by failing to pay Plaintiffs overtime compensation for work they performed after the first forty hours worked in a week, Defendants violated New York Labor

Law § 663 and 12 NYCRR § 146-2.2.

47.     Upon information and belief, Defendants' failure to pay overtime compensation for work performed by the Plaintiffs after the first forty (40) hours worked in a week was willful.

48.     By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 146-2.2, and are liable to the Plaintiffs in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION:
### NYLL NOTICE AND RECORD KEEPING REQUIREMENTS

49.     Plaintiffs re-allege and reincorporate by reference all preceding paragraphs.

50.     Defendants failed to provide Plaintiffs with a wage notice in Plaintiffs' primary language, Spanish, on or before February first of each year of Plaintiffs' employment containing information outlined in NYLL § 195(1), including information such as the rate of pay, any allowances claimed as part of the minimum wage.

51.     Defendants failed to provide Plaintiffs with a wage statement with every payment of wages containing information outlined in NYLL § 195(3), including information such as the rate of pay, basis of pay, gross wages, and any allowances claimed as part of the minimum wage.

52.     As a result of Defendants' violations of NYLL § 195(1) and (3), Plaintiffs may recover damages of fifty dollars (50) for each work week Defendants failed to provide Plaintiffs with a wage notice, and damages of one hundred (100) dollars for each work week Defendants failed to provide Plaintiffs with a wage statement, not to exceed a total of twenty-five hundred (2,500) dollars for each violation, together with costs and reasonable attorney's fees in accordance with NYLL § 198.

        **WHEREFORE**, the Plaintiffs demand judgment:

1. on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs;

2. on their second cause of action, against Defendants in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs;

3. on their third cause of action, against Defendants in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs; and

4. such other and further relief as the Court may deem just and proper.

Dated: New York, New York
     May 21, 2014

VIRGINIA & AMBINDER, LLP

By: _____

Alison Genova, Esq.
Lloyd Ambinder, Esq.
*Attorneys for Plaintiffs*
Trinity Centre
111 Broadway, Suite 1403
New York, New York 10006
(212) 943-9080
agenova@vandallp.com